UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOSEPH M. KLAKULAK, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 16-224-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SANDRA BUTLER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Joseph Klakulak is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky.  Proceeding without an attorney, Klakulak has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  [Record No. 1]  Klakulak states that, in February 2015, he was sentenced to a 30-month term of imprisonment.  After arriving at FCI - Manchester, BOP staff allegedly advised Klakulak that he was eligible for placement in a Residential Reentry Center ("RRC"), or "halfway house," for the last 90 days of his sentence.  Klakulak contends that, without explanation, when the BOP made this determination, it did not consider the five factors set forth in 18 U.S.C. § 3621(b) "in good faith," did not evaluate those factors on individualized basis, and abused its discretion when determining the length of his halfway house placement. [Record No. 1 at 1-3]

---

[1]  The Court will substitute Sandra Butler, Warden of the Federal Correctional Institution in Manchester, Kentucky, as the respondent in this proceeding. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (for challenges to present physical confinement, the only proper respondent to habeas corpus petition is the warden of the facility where the petitioner is confined).

Klakulak filed an inmate grievance regarding this matter in April 2016. In his extensive response, the warden explained that the BOP had conducted two separate evaluations regarding Klakulak's RRC placement in October 2015 and again in March 2016. In each instance, the BOP considered Klakulak's specific circumstances when applying the factors set forth in § 3621(b) and concluded that a 90-day placement was warranted. Specifically, the warden noted that Klakulak owned a home, was married, had a business degree, had strong ties in the community, and had an established employment history. [Record No. 1-1 at 1-11] Klakulak's appeal to the regional office was denied. He indicates that the BOP's Central Office had not provided a decision within the time period permitted by 28 C.F.R. § 542.18. [Record No. 1-1 at 12-18]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates ABC's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The Second Chance Act of 2007 increased the maximum term of halfway house placement for a federal prisoner from six to twelve months. It requires that the BOP

evaluate each prisoner individually to ensure that such placement is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community."  18 U.S.C. § 3624(c)(6)(C).  BOP regulations utilize the factors set forth in 18 U.S.C. § 3621(b) when making placement decisions.  28 C.F.R. § 570.22.  In addition, 42 U.S.C. § 17541 incentivizes federal inmates to participate in BOP Inmate Skills Development programs by giving the BOP the discretion to consider a longer halfway house placement for participants.  42 U.S.C. § 17541(a)(2)(A).

Klakulak's assertion that the BOP's placement decision is contrary to 18 U.S.C. § 3621(b) suggests, at most, a claim that its decision was "arbitrary and capricious" in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A)-(C).  However, the BOP's determinations regarding halfway house placement are expressly insulated from judicial review under the APA.  28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter.").  Cf. *Woodard v. Quintana*, No. 5:15-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

Additionally, the Court's review is limited to determining whether the BOP abused its discretion when making its placement decision.  *Vasquez v. Strada*, 684 F. 3d 431, 434 (3d Cir. 2012).  In its decision to place Klakulak in a halfway house for up to 90 days, the BOP noted Klakulak's home ownership, marriage, strong community ties, advanced education, and employment history.  All of these factors are relevant under § 3621(b).  [Record No. 1-1 at 1-11]  The record amply establishes that the BOP did not abuse its

-3-

discretion in determining the period of Klakulak's halfway house placement. *Wilson v. Strada*, 474 F. App'x 46, 48-49 (3d Cir. 2012) (no abuse of discretion where BOP expressly considered § 3621(b) factors); *Galvin v. Sepanek*, No. 12-CV-119-HRW, 2014 WL 4230467, at *3-4 (E.D. Ky. Aug. 25, 2014) ("analyzing Galvin's eligibility for RRC placement in accordance with § 3621(b) was all that the BOP was required to do ...").

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.      Sandra Butler, Warden of the Federal Correctional Institution in Manchester, Kentucky, is **SUBSTITUTED** as the Respondent in this proceeding.

2.      Petitioner Klakulak's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

3.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4.      A final and appealable Judgment shall be entered this date.

This 21st day of December, 2016.

Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**

-4-